UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID OLIVARES, JR., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-81 |
| § | |
| ANDRE R. PYATT, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER DISMISSING CLAIMS

Before the Court is Defendant Bank of New York Mellon's (BONY's)[1] Motion to Dismiss Plaintiff's First Amended Original Complaint (D.E. 25), along with Plaintiff David Olivares, Jr.'s (Olivares's) response (D.E. 26) and BONY's reply (D.E. 27). For the reasons set out below, the Court GRANTS the motion (D.E. 25) and DISMISSSES all of Olivares's claims made against BONY in this action.

## FACTS

According to his allegations,[2] Olivares purchased a residence from Defendants Andre R. Pyatt and Felicia Pyatt (the Pyatts) in 2005 at a time when the property secured the payment of the Pyatts' debt to their lender, Bank of New York Mellon (BONY), through a duly recorded deed of trust lien (D.E. 27, p. 14 et seq). Olivares did not secure BONY's consent to an assumption of the Pyatt's loan with BONY and obtained no

---

[1] Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-30CB. While Olivares previously sued Bank of America, N.A. as lender, the history of the ownership of the note has not been placed in issue and the Court accepts Olivares's allegations as true according to the standard of review for motions to dismiss under Federal Rule of Civil Procedure 12. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Including omissions from allegations that BONY has identified and that Olivares has not supplemented or explained.

agreement with BONY regarding the property or the loan. Olivares, however, proceeded to make payments to BONY over several years on the Pyatt's account. In 2012, BONY stopped accepting Olivares's payments. While Olivares sought an agreement with BONY to permit him to keep the property and continue making payments, BONY did not consent to any such agreement. Because the Pyatts were not making payments, the loan went into default and BONY has attempted to foreclose its lien on the property.

On August 3, 2012, Olivares sued the lender and mortgage servicer in this court regarding an attempted foreclosure of the lien. *Olivares v. Bank of America, N.A.*, No. 2:12-cv-00276. While a motion for summary judgment filed by the lender and servicer was pending in that case, the parties stipulated to a dismissal of those claims without prejudice. Thereafter, Olivares took a default judgment against the Pyatts, who were also sued in that case. The judgment awarded damages to Olivares in the full amount of his payments made to purchase the property, including his down payment, loan payments made on behalf of the Pyatts, attorney's fees, and interest. To date, Olivares has been unable to collect on that judgment.

In the meantime, it appears that Olivares maintained possession of the property, as Olivares has admitted that no foreclosure has taken place. D.E. 26, pp. 5-6. He now sues for damages and injunctive relief, complaining that BONY is attempting to foreclose without giving him proper notices. He alleges that he has a right to prior notice and opportunity to cure, given that BONY, by virtue of the previous lawsuit, has knowledge of Olivares's possession and claimed rights to the premises.

## DISCUSSION

### A. Standard of Review

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

In a Federal Rule of Civil Procedure 12(b)(6) context, the Court may consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### B. Mootness

Olivares claims that BONY has waived its motion to dismiss because it agreed to the administrative termination of a previous motion to dismiss as moot and makes no qualitatively different arguments for dismissal in the pending motion. This argument is specious. The only reason the prior motion (D.E. 4) was moot was because Olivares had amended his complaint. Absent unusual circumstances, the Court will terminate a motion to dismiss that is directed at a pleading that has been superseded. This is an administrative action that is without prejudice to the merits of the motion. The Court rejects Olivares's argument that BONY cannot now be heard on the substantive issues because of this administrative issue.

C. Olivares's Claims

1. Breach of Contract

Olivares sues for breach of contract, claiming that BONY had contractual obligations to him under the deed of trust and financing agreements. D.E. 13, p. 4. In particular, he alleges that he should have been given notice of default and an opportunity to cure, notice of acceleration of the note, notice of the appointment of a substitute trustee and the posting of foreclosure. *Id*. The Court considers Olivares's claims under four theories: (1) standard breach of a contract; (2) third-party standing to contest foreclosure; (3) third-party beneficiary of the Pyatt contract; and (4) statutory notice requirements under the Texas Property Code.

**Standard Breach of Contract**. Olivares has acknowledged that he does not have a contract of his own with BONY—that BONY failed to respond to his efforts to enter into an agreement that would acknowledge his interest in the property and provide him with the right to pay the Pyatt's indebtedness. D.E. 13, p. 3. He has supplied no authority for the proposition that, by some operation of law, he should be substituted for the Pyatts with respect to contractual rights they may have under their mortgage merely because he purchased the property from them, subject to the mortgage lien.

**Third-Party Standing**. Instead, Olivares cites *Goswami v. Metropolitan Savings and Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988) (third party affected by sale of property has standing to complain; lien addressed in bankruptcy proceeding); *American Savings & Loan Ass'n v. Musick*, 531 S.W.2d 581, 586 (Tex. 1976) (recognizing junior lienholder's standing to contest foreclosure sale but holding that there were no

irregularities under the deed of trust); *Estelle v. Hart*, 55 S.W.2d 510, 513 (Tex. Comm'n App. 1932, op. adopted) (recognizing the standing of a junior lienholder to make a claim to recover property value in excess of senior lienholder's debt); and *Mercer v. Bludworth*, 715 S.W.2d 693, 698 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (subsequent purchaser or junior lienholder may complain if sale is void under the mortgagor's deed of trust). He contends that these cases demonstrate that a third party may contest the validity of a foreclosure sale when that third party has an interest in the property.

While that may be true, standing to bring a claim is only useful when one has a viable claim to bring. Olivares's claims are all centered on contractually-required notices that he suggests BONY owed him, even though he has no contract with BONY. Because he does not claim any defect in contractually-required notices sent to the Pyatts, who are the mortgagors and only ones entitled to the contractual notices, his alleged third-party standing is without a proper breach of contract claim.

**Third-Party Beneficiary**. Olivares has not alleged a viable claim that he is a third-party beneficiary of the contract between BONY and the Pyatts. Under Texas law, there is a presumption against third-party beneficiary agreements. *City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011). To prove third-party beneficiary status, Olivares must show (1) the contracting parties intended to secure a benefit for Olivares and (2) the contracting parties entered into the contract directly for Olivares's benefit. *Basic Capital Mgmt. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900 (Tex. 2011).

Olivares's arguments regarding third-party beneficiary status are conclusory. He does not identify any term in the BONY/Pyatt loan transaction that was included for his

benefit—or the benefit of any purchaser from the Pyatts. Rather, three clauses in the deed of trust place limits on allowing a third-party assumption of rights and obligations of the deed of trust:

- Lender's acceptance of payments from a third party does not waive any rights under the loan transaction. D.E. 27, p. 21, ¶ 12;
- Lender's written consent is required for assumption of obligations under the deed of trust. *Id.*, ¶ 13;
- The deed of trust contains a due-on-sale clause. *Id.*, p. 22, ¶ 18.

Olivares has identified no contractual term that could be construed as intending to secure a benefit for him.

**Texas Property Code**. Chapter 51 of the Texas Property Code requires a foreclosing creditor to provide notices to "each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt" or "a debtor in default under a deed of trust or other contract lien." Tex. Prop. Code § 51.002(b)(3), (d). As discussed above, Olivares was not the debtor entitled to notice under the deed of trust or records of the mortgage servicer. While he may have paid some of the Pyatt's debt, he was not legally obligated to do so under any document by which BONY was granted the right to foreclose. The Texas Property Code does not confer rights on such a person.

Consequently, Olivares has failed to state a claim pursuant to breach of contract principles upon which relief may be granted. His claims fail under the substantive law or the *Twombly* test of pleadings. The Court GRANTS the motion and DISMISSES the breach of contract claims against BONY.

## 2. Wrongful Foreclosure

Olivares has conceded that his wrongful foreclosure claim should be dismissed. D.E. 26, pp. 5-6. The Court thus GRANTS the motion and DISMISSES the wrongful foreclosure claims against BONY.

## 3. Federal Debt Collection Practices Act

BONY argues that Olivares has not alleged a viable claim for unfair debt collection practices. And even if he had alleged wrongful conduct, Olivares cannot make a claim under the FDCPA because BONY did not act as a "debt collector" with respect to the attempted foreclosure of the deed of trust lien granted by the Pyatts. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (mortgage companies or servicers collecting mortgage debts by foreclosure are not "debt collectors").

Olivares also relies on the *Perry* case, contending that BONY was a "debt collector" because there is an exception to the mortgage company exemption if the loan was in default when collection was assigned to a mortgage servicing company. *Id*. Olivares asserts, without specific factual allegations to support the argument, that the loan was in default when it was assigned to BONY. Olivares's complaint does not contain any allegations regarding the chain of ownership of the Pyatt's note and servicing obligations for the deed of trust. His assertion that the loan was in default due to his previous litigation is not determinative of the relationship between BONY and the Pyatts.

Even if BONY could be sued as a debt collector in this instance, Olivares has failed to allege sufficient facts to demonstrate wrongful conduct. As set out above, Olivares did not have rights under the contract between BONY and the Pyatts. Nothing

that Olivares complains about—the attempted foreclosure—was an effort to collect a debt against Olivares. And Olivares has not alleged any irregularity in the foreclosure process as to the Pyatt's contractual rights. Consequently, Olivares has failed to state a claim upon which relief can be granted as to BONY. The Court GRANTS the motion with respect to claims made under the Federal Debt Collection Practices Act.

### 4. Texas Debt Collection Act

The same is true with respect to the TDCA. Olivares is required to show that he is a consumer, that BONY is a debt collector, and that BONY engaged in wrongful conduct in its foreclosure attempts. Tex. Fin. Code § 392.001 et seq. The necessary wrongful conduct involves tactics that are false, fraudulent, misleading, deceptive, unfair, or unconscionable. Olivares claims that BONY represented that the loan was in default when it should not have been because Olivares had attempted to make the Pyatt's payments and that BONY charged false fees because those fees were assessed due to a default that should not have happened had BONY accepted Olivares's payments.

These allegations are not sufficient because, as demonstrated above, BONY did not have an obligation to accept payments from Olivares and did not have to forbear from assessing fees to the Pyatt's account when the loan went into default. While Olivares seeks leave to amend to specify the fees and charges about which he complains, greater specificity will not change the fact that Olivares cannot show that BONY was required to accept his payments and prevent the default and assessment of fees. The Court GRANTS the motion and DISMISSES the claim of violation of the Texas Debt Collection Act for failure to state a claim upon which relief may be granted.

### 5. Texas Deceptive Trade Practices Act

Olivares has responded only with, "Defendant's Motion to Dismiss Plaintiff's First Amended Complaint regarding his DTPA claim should be dismissed." He has failed to controvert BONY's assertions that he is not a "consumer" and thus is not entitled to bring a DTPA claim. Tex. Bus. & Comm. Code § 17.45(4); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

The Court finds that Olivares has failed to allege facts to show that he is a consumer with respect to the Pyatt's loan transaction with BONY or any other transaction with BONY. Olivares has further failed to allege facts that demonstrate that any conduct that BONY has taken with respect to the property involves a false, misleading, or deceptive act. The Court GRANTS the motion and DISMISSES all claims against BONY related to the Deceptive Trade Practices Act for failure to state a claim upon which relief may be granted.

### 6. Quiet Title

In his amended complaint and in his defense of his quiet title claims, Olivares maintains only that he has superior claim of title over that of the Pyatts. D.E. 13, p. 7; D.E. 26, p. 7. He does not claim to have superior title over BONY's deed of trust lien, which had already been recorded when Olivares purchased the property from the Pyatts. Accordingly, BONY is entitled to judgment that Olivares has asserted no quiet title claim against it. The Court GRANTS the motion and DISMISSES all claims related to quieting title in the property to the extent that such claims were asserted against BONY.

### D. Double Recovery

Olivares previously sued the Pyatts and obtained a default judgment for damages in the amount of all monies he paid to the Pyatts or on their account for the purchase of the property, including his down payment, payments made to the lender, interest, and attorney's fees.  According to BONY, the one satisfaction rule prevents Olivares from recovering any additional damages because he has been fully compensated.  *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 7-8 (Tex. 1991).  Because of the Court's rulings on Olivares's claims, the Court does not reach this issue.

### E. Request to Amend

Olivares has requested leave to amend in order to supplement his allegations with greater specificity.  Under *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend should be freely given unless other issues counsel against it, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.

Olivares filed a lawsuit based on this subject matter before, which he dismissed after summary judgment was requested by the lender.  His complaints are based on the conduct of a lender who owes him no duties and with which he has no cognizable relationship.  The lender seeks to foreclose a duly recorded lien against property securing a debt that is in default.  Olivares's complaints about the default and resulting charges are based on the argument that BONY had an obligation to accept his payments on behalf of the Pyatts.  The Court has rejected this argument.  Greater specificity cannot overcome

the legal barriers to these claims. The Court DENIES Olivares's request for leave to amend as futile.

## CONCLUSION

For the reasons set out above, Olivares has failed to state a claim against BONY upon which relief may be granted. The Court GRANTS the motion to dismiss (D.E. 25) and DISMISSES all claims against BONY, with respect to both damages and injunctive relief.

ORDERED this 26th day of August, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE